## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDRE J. TWITTY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.   03-CV-779-DRH |
| | ) | |
| E.A. STEPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions to dismiss or for summary judgment and/or judgment as a matter of law (Doc. Nos. 21, 35, 40, 44).  Also submitted is a sua sponte recommendation that plaintiff's claims against a deceased defendant be dismissed.

Plaintiff filed this *Bivens* action challenging the conditions of his confinement at USP-Marion.  Specifically, he claims that defendants Stepp, Bakke, Lee, Carids, Hershberger, Conner, Nitchols, Tharp, Oxford, Bezy, and Miller violated his Eighth Amendment right to be free from cruel and unusual punishment by refusing to provide medical treatment for his painful inguinal hernia and that defendant Conner violated his First Amendment right to seek redress of grievances by retaliating when grievances were filed at USP-Marion and USP-Leavenworth (Doc. No. 11).

### Claims against defendant N.L. Conner

The death of defendant Conner was suggested on the record on January 31, 2005 (Doc. No. 28).  Pursuant to Rule 25 of the Federal Rules of Civil Procedure, a motion for substitution was due within 90 days.  Fed. R. Civ. P. 25(a)(1).  Because a motion for substitution was not filed, plaintiff's claims against defendant N.L. Conner should be dismissed at this time.  Fed. R. Civ. P.

25(a)(1).

## Eighth Amendment Claim

Defendants Bakke, Bezy, Hershberger, Miller, Tharp, Oxford, Step, Nitchols, and Lee challenge the sufficiency of plaintiff's Eighth Amendment Claim pursuant to Rule 12(b) and seek judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. Nos. 21, 35).  Plaintiff opposes some of defendants' arguments and seeks judgment in his favor as a matter of law (Doc. Nos. 24, 40, 41, 49).

**I.    Personal Jurisdiction**.   Defendants challenge this Court's exercise of personal jurisdiction.  They claim that the Court lacks authority to resolve a dispute regarding conduct performed in Kansas because no allegations suggest that they reside in or have minimum contacts within the State of Illinois.  Plaintiff opposes the motion made by defendants Bezy, Hershberger, Miller and Tharp on the basis that he alleges a conspiracy.  As to defendant Nitchols, he argues that there is no statutory restriction on this Court's authority to evaluate events in Kansas (Doc. Nos. 24, 41).

Defendants' jurisdictional argument is evaluated pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction.  In *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781-82 (7th Cir. 2003), the Court of Appeals summarized the familiar principals of personal jurisdiction as follows:

> In any given case, there must be some showing that the defendant purposefully availed [himself] of the privilege of conducting activities within the forum state....
> This requirement ensures that a defendant's amenability to jurisdiction is not based on fortuitous contacts, but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue.  See *Burger King*, 471 U.S. at 475....
> To this end, the Supreme Court repeatedly has asked whether the defendant has deliberately engaged in significant activities within the forum state.

*Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d at 780-81.

Because plaintiff has not shown that defendants Bezy, Hershberger, Miller, Tharp, or Nitchols conducted activities in Illinois, he has not made a prima facie case of personal jurisdiction. Plaintiff's Eighth Amendment claims against defendants Bezy, Hershberger, Miller, Tharp and Nitchols should be dismissed for lack of personal jurisdiction.

**II. Venue**.  In the absence of personal jurisdiction, the improper venue argument is not addressed.

**III. Plaintiff's pauperis status**.  Defendants Bakke, Stepp, Oxford, and Lee challenge plaintiff's right to proceed in forma pauperis.  Because improper filing status is not a defense that can be resolved pursuant to Rule 12, this argument is CONSTRUED as a motion to reconsider Judge Herndon's December 10, 2003, Order, finding that plaintiff was entitled to proceed under 28 U.S.C. § 1915(g).  At that time, the Court decided that plaintiff's allegations were adequate to show that he was in imminent danger of serious harm at the time of the events alleged (Doc. No. 3).     The defendants suggest that the Court should have resolved the "imminent danger of serious harm" issue based on plaintiff's condition at the time he filed his pleading, rather than at the time of the events alleged in that pleading.  Plaintiff believes his allegations regarding hernia pain are sufficient.  He also relates symptoms attributed to an injury suffered during his confinement in Connecticut (Doc. Nos. 25, 41, 49).

In granting pauperis status, the Court reviewed allegations that plaintiff suffered pain for the period between March 12 and October 24, 2003.  On the later date, emergency surgery was performed by Dr. DeMattei.  Plaintiff's pleading does not suggest that he was in imminent danger of serious harm when his pleading was filed (Doc. Nos. 1, 11).

A district court has considerable discretion to reconsider an earlier order.  *Cameo Convalescent Center, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir.1986) ("The district court has the discretion to make a different determination of any matters that have not been taken to judgment

or determined on appeal).  Because recent cases clarify that the exception to § 1915(g)'s three strikes rule targets genuine emergencies, the Court should evaluate the danger faced by plaintiff at the time he filed his pleading.  *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir.2003).  Because plaintiff's Eighth Amendment claim is premised on events *preceding* hernia repair surgery performed on October 24, 2003, the allegations do not logically permit an inference that plaintiff faced an imminent danger of serious harm when he filed his Complaint on November 21, 2003.  The December 10, 2003 Order should be reconsidered.  Plaintiff's pauperis status should be revoked and he should be directed to pay the $150.00 filing fee within 30 days.

**IV.  Sufficiency of Plaintiff's Eighth Amendment Claim**.  Defendants Bakke, Stepp, Oxford, and Lee challenge the sufficiency of the Complaint, arguing that plaintiff has not alleged that they were involved in decisions regarding his medical treatment.

The first step in evaluating the sufficiency of a pleading is to give pro se allegations a liberal interpretation, accept as true all well-pleaded facts, and draw all inferences in favor of the plaintiff. If, so viewed, the allegations put the defendants on notice that plaintiff is asserting an Eighth Amendment claim, and his allegations do not rule out the possibility that the defendants violated the applicable legal standard, the pleading cannot be dismissed.  That is, dismissal is proper only if it is "beyond doubt" that plaintiff could prove no set facts consistent with his complaint that would entitle him to relief.  *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998). Plaintiff argues that his pleading is adequate to put these defendants on notice that he is asserting an Eighth Amendment claim based on insufficient medical care.

The Court agrees with plaintiff that his pleadings are sufficient to survive a Rule 12(b)(6) challenge.  Plaintiff has provided enough information to place these defendants on notice that plaintiff is asserting an Eighth Amendment claim regarding inadequate medical care.

**V. Exhaustion of Administrative Remedies**.   Defendants Bakke, Stepp, Oxford and Lee also argue that plaintiff filed this action in violation of 42 U.S.C. § 1997e(a), which makes exhaustion of administrative remedies a precondition to suit.   Plaintiff alleges that he filed grievances pursuant to the Bureau of Prisons' administrative remedy procedure and that all grievances were denied (Doc. No. 1, p. 3).   As defendants point out, plaintiff's exhibits show that grievances and appeals regarding his medical treatment between March 12 and October 24, 2003, were not considered on the merits.   Rather, they were rejected on the basis of procedural defects. Plaintiff argues that exhaustion is complete because he filed the required forms and gave prison authorities an opportunity to address his complaints before he filed suit (Doc. No. 41, p. 12, 49).

In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system. *See Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002); *Strong v. David*, 297 F.3d 646 (7th Cir. 2002).   Federal prisoners must provide requested information, state the nature of their complaint, include supporting exhibits, and state the reason for appeal, accompanied by institutional and regional filings.   28 C.F.R. § 542.14, 542.15.   Plaintiff's administrative remedy appeals were rejected because he failed to comply with these requirements (Doc. No. 41, pp. 12-17 ); 28 C.F.R. §§ 542.13, 542.14, 542.15.   Because the record does not permit a finding that plaintiff exhausted his administrative remedies before he filed this action, the Eighth Amendment claim against defendants Bakke, Stepp, Oxford, and Lee should be dismissed without prejudice.

**VI. Judgment as a Matter of Law.**   Plaintiff seeks judgment as a matter of law, claiming that the evidence shows that the defendants knew that he had a serious medical need and stood by and did nothing.   The motion is moot as to defendant Conner, deceased, and is premature as to defendant Carids, who has not yet been served with process.   The motion is also moot as to defendants Bakke, Bezy, Hershberger, Miller, Tharp, Oxford, Step, and Nitchols, all of whom have

asserted valid defenses which are properly resolved before the Court reaches the merits of plaintiff's claims. *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 (1937); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999).

### Conclusion

IT IS RECOMMENDED that plaintiff's claims against deceased defendant Conner be DISMISSED.

IT IS FURTHER RECOMMENDED that plaintiff's pauperis status be REVOKED and that plaintiff be directed to pay the filing fee within 30 days.

IT IS FURTHER RECOMMENDED that defendants' motions to dismiss or for summary judgment (Doc. Nos. 21, 35, 44) be GRANTED in part and DENIED in part, as follows:

(1).  Plaintiff's claims against defendants Bezy, Hershberger, Miller, Tharp and Nitchols should be DISMISSED without prejudice for lack of personal jurisdiction, and

(2).  Plaintiff's claims against defendants Bakke, Stepp, Oxford, and Lee should be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS FURTHER RECOMMENDED that plaintiff's motion for judgment as a matter of law (Doc. No. 40) be DENIED.

SUBMITTED:  <u>     August 2, 2005     </u>.


 *s/Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

-6-