IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANDRE J. TWITTY,**

**Plaintiff,**

vs.

**E.A. STEPP et al.,**
**Defendants.**                                      **No. 03-CV-779-DRH**

<u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

### I. <u>Introduction</u>

On, November 21, 2003 Andre J. Twitty ("Plaintiff"), an inmate, filed a pro se ***Bivens*** action challenging the conditions of his confinement. (Doc. 1.) Plaintiff amended his complaint on March 25, 2005. (Doc. 11.) Plaintiff argues that by refusing to provide medical treatment for his hernia, Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff additionally claims that Defendants violated his First Amendment right to seek redress of grievances, and that he was retaliated against for initiating legal proceedings.

### II. <u>Background</u>

This matter comes before the Court on a Report and Recommendation (the "Report") filed by Magistrate Judge Philip Frazier on August 3, 2005, pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 53.) The Report concerns several motions to

dismiss that have been filed by Defendants in this case, as well as Plaintiff's motion for judgment as a matter of law. (Docs. 21, 35, 40, 44.) Judge Frazier recommends that (1) Plaintiff's claims against Defendant Conner, deceased, be dismissed; (2) Plaintiff's in forma pauperis status be revoked; (3) Plaintiff be directed to pay the filing fee within thirty days; (4) Defendants' motions to dismiss or for summary judgment (Docs. 21, 35, 44) be granted in part and denied in part such that Plaintiff's claims against Defendants Bezy, Herschberger, Miller, Tharp, and Nitchols be dismissed without prejudice for lack of personal jurisdiction and that Plaintiff's claims against Defendants Bakke, Stepp, Oxford, and Lee be dismissed without prejudice for failure to exhaust administrative remedies; and (5) Plaintiff's Motion for Judgment as a Matter of Law (Doc. 40) be denied. Because Twitty objects (Doc. 69), this Court undertakes de novo review of the Report.[1] **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**.

### III. Analysis

#### A. Plaintiff's Claims Against Defendant Conner

The Court first finds that Plaintiff's claims against Defendant N.L.

---

[1] In an earlier Order, this Court adopted Judge Frazier's Report without undertaking a de novo review. (Doc. 56.) Subsequent to that order, the Court was made aware of objections that Twitty had timely filed, but that had not been properly docketed. (Doc. 69.) The Court now considers those objections as part of its de novo review.

Conner, now deceased, should be dismissed. Conner's death was suggested on the record on January 31, 2005. (Doc. 28.) Pursuant to **Federal Rule of Civil Procedure 25(a)**, Plaintiff had ninety days to file a motion for substitution. He failed to do so. As such, Plaintiff's claims against Defendant Conner are no longer proper.

### B.   Personal Jurisdiction

Once a defendant moves to dismiss for lack of personal jurisdiction — as Defendants have pursuant to **Federal Rule of Civil Procedure 12(b)(2)** — the burden is on the plaintiff to establish the existence of such jurisdiction. ***Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)**. To meet this burden, a plaintiff must show that a defendant "purposefully availed itself of the privilege of conducting activities within the forum state. . . . This requirement ensures that a defendant's amenability to jurisdiction is not based on fortuitous contacts, but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue." ***Id.* at 780**.

The Court finds that Plaintiff's claims against Defendants Bezy, Hershberger, Miller, Tharp, and Nitchols should be dismissed on lack-of-personal-jurisdiction grounds. Here, Plaintiff has failed to meet his burden because he has not shown that Defendants Bezy, Hershberger, Miller, Tharp, or Nitchols purposefully availed themselves of the privilege of conducting activities in Illinois. Plaintiff has not demonstrated that the conduct of these Defendants made it foreseeable that they would be haled into Illinois courts, nor has he shown that they had a "real"

relationship with the state. While Plaintiff correctly points out that "jurisdiction can be based strictly on out-of-state acts having foreseeable effects in the forum State," **Shaffer v. Heitner, 433 U.S. 186, 226 (1977)**, he has not identified any such acts, nor offered any suggestion as to how the above Defendants — who indicate they were employed in Kansas, not Illinois (Doc. 22, p. 3; Doc. 36, p. 3) — might have subjected themselves to this Court's jurisdiction. As such, Plaintiff's burden has not been met. His claims against Defendants Bezy, Hershberger, Miller, Tharp, and Nichols must be dismissed.

### C. Failure to Exhaust

As **42 U.S.C. § 1997e(a)** provides, prisoners may not bring suits "until such administrative remedies as are available are exhausted." A prisoner does not exhaust administrative remedies unless she "completes the administrative process by following the rules . . . established for that process." **Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002)**. "A prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id.* **at 1024**; *see also* **Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2001)** (noting that to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system") The general Bureau of Prisons ("BOP") process is laid out at **28 C.F.R. §§ 542.10-16**.

The Court finds that Plaintiff's claims against Defendants Bakke, Stepp, Oxford, and Lee should be dismissed for failure to exhaust administrative remedies.

Plaintiff has not exhausted his administrative remedies in this matter because he has failed to comply with the rules governing the administrative-review process. As the materials Plaintiff has included with his original complaint demonstrate, to the extent Plaintiff's grievances were properly filed, they were procedurally deficient. (Doc. 1, pp. 24-46; Doc. 41, pp. 12-17.) That is, Plaintiff's grievances appear to have been denied for several reasons, but not on the merits.[2] (*Id.*) This forecloses this Court's review. *See **Pozo*, 286 F.3d at 1025**.

Though Plaintiff appears to argue that he complied with all relevant rules because the grounds upon which his grievances were repeatedly denied — failure to provide evidence of an attempt at an informal resolution, for example — are not expressly codified in **28 C.F.R. §§ 542.10-16** (Doc. 69, p. 5), this argument overlooks an important aspect of the administrative-review process: BOP institutions, regional offices, and central offices each develop their own procedures for dealing with administrative-remedy requests made by prisoners. **C.F.R. § 542.11**; ***Strong***

---

[2] In denying Plaintiff's grievances, Plaintiff was informed, for example, that "you did not attempt informal resolution prior to submission of administrative remedy, or you did not provide the necessary evidence of your attempt at informal resolution;" "your request/appeal contains obscene, abusive or insolent language;" "you must first file a BP-9 request through the institution for the warden's review and response before filing an appeal at this level;" "you need to follow PS 1330.13;" and "you must provide more specific information about your request/appeal so that it may be considered. We need to know your specific concern and how it relates to the Bureau's aspect of your confinement." (Doc. 1, pp. 24-46.)

***v. David*, 297 F.3d 646, 649 (7th Cir. 2002)**.[3]  Provided they are fair and reasonable, prisoners must fully comply with these procedures no less than others. In this case, Plaintiff failed to comply with reasonable procedures designed to help expedite the administrative-review process.  (Doc. 1, pp. 24-46; Doc. 41, pp. 12-17.) As a result, his appeals were denied on procedural grounds.[4]  Based on the arguments he makes in his objections to Judge Frazier's Report, Plaintiff may have been under the impression that he need not comply with rules promulgated by his institution, regional office, or central office.  (Doc. 69, p. 5.)  If so, that impression was mistaken.  *See* **28 C.F.R. § 542.11**; ***Pozo*, 286 F.3d at 1025** (noting that prisoners must file complaints and appeals pursuant to the prison's administrative rules).  Plaintiff was under an obligation to comply with reasonable procedures

---

[3] The "Warden, Regional Director, and General Counsel are responsible for implementation and operation of the Administrative Remedy Program at the . . . institution, regional and Central Office levels, respectively, and shall . . . [e]stablish procedures for receiving, recording, reviewing, investigating, and responding to Administrative Remedy Requests (Requests) or Appeals (Appeals) submitted by an inmate." **28 C.F.R. § 542.11(a)**.

[4] Though on four occasions the Administrative Remedy Coordinator at the Bureau of Prisons' Central Office remarked that she "concur[red] with the Institution and Regional Office's rationale for rejecting [his] appeal," (Doc. 1, pp. 24, 30, 36, 43), the documents Plaintiff submitted indicate that on each occasion Plaintiff's grievances were entertained by institutional and regional offices, they were rejected on procedural grounds, not on the merits.  (Doc. 1, pp. 25, 26, 32, 33, 37, 38, 42, 44.)  Moreover, on each rejection notice where these remarks appear, Plaintiff was determined to have made other glaring procedural errors — such as failing to file a BP-9 request, failing to provide "specific information about [his] request/appeal so that it may be considered," and failing to either attempt an informal resolution or provide the necessary evidence of such an attempt (*id.*) — that provided procedural grounds upon which to reject Plaintiff's appeals.

established by relevant BOP entities. He failed to do so here. Accordingly, his claims against Defendants Bakke, Stepp, Oxford, and Lee must be dismissed.

### D. Plaintiff's In Forma Pauperis Status

Upon reconsideration of the Court's December 10, 2003 order, and in light of recent Seventh Circuit cases, *see* **Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003)** ("The 'imminent danger' exception to **§ 1915(g)**'s 'three strikes' rule is available for 'genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.") (citation omitted); **Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)** ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."), the Court finds that Plaintiff's in forma pauperis ("IFP") status should be revoked.[5] On December 10, 2003, this Court granted Plaintiff IFP status pursuant to **28 U.S.C. § 1915** — despite the fact that he has had three or more prior prisoner actions dismissed due to frivolousness, maliciousness, or failure to state a claim upon which relief may be granted, *see* **28 U.S.C. § 1915(g)** — because Plaintiff was in imminent danger of serious physical harm at the time of the alleged events due to Defendants' alleged denial of medical care for his hernia. (Doc. 3, p.1 n.1.) As the cases above clarify,

---

[5] Motions to reconsider interlocutory orders "are left subject to the complete power of the court rendering them," **FED. R. CIV. P. 60 advisory committee's notes**, should be granted "as justice requires," *id.*, and must be "consonant with equity." **John Simmons Co. v. Grier Brothers, 258 U.S. 82, 90-91 (1922)**; *see also* **12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60 App. 108[2] (3d ed. 2004)**.

however, in order for an otherwise-ineligible prisoner to be granted IFP status, she must be in imminent danger of serious harm at the time she filed her pleading, not at the time of the alleged events. ***Ciarpaglini*, 352 F.3d at 330**. Plaintiff's allegations indicate to the contrary; he was in imminent danger of serious physical harm only during the period leading up to his emergency hernia operation, not after it. As such, upon reconsideration, the Court finds Plaintiff ineligible for IFP status under **28 U.S.C. § 1915(g)**.

### E.     Judgment as a Matter of Law

Finally, the Court finds that Plaintiff's motion for judgment as a matter of law should be denied. (Doc. 40.) This motion is moot as to Plaintiff's claims against the Defendants above, which this Court now dismisses. Further, it is premature as to Defendant Carids, who remains in this action but who has not been served or positively identified.

### IV. Conclusion

Therefore, for the reasons above the Court **ADOPTS** the conclusions set forth in Judge Frazier's Report. (Doc. 53.) The Court **DISMISSES** Plaintiff's claims against Defendant Conner; **DISMISSES without prejudice** Plaintiff's claims against Defendants Bezy, Herschberger, Miller, Tharp, and Nitchols for lack of personal jurisdiction; and **DISMISSES without prejudice** Plaintiff's claims against Defendants Bakke, Stepp, Oxford, and Lee for failure to exhaust administrative remedies. Further, the Court **REVOKES** Plaintiff's in forma pauperis status, and

**DIRECTS** Plaintiff to pay the filing fee of $150.00 by February 18, 2006.  The Court **DENIES** Plaintiff's Motion for Judgment as a matter of law. (Doc. 40.)

Additionally, pursuant to the inherent power of the Court to regulate its business under **Federal Rule of Civil Procedure 83**, and because (1) the supplemental return of service sent to Defendant Carids supposed address was returned unexecuted (Doc. 62), and (2) the unexecuted waiver of service indicates that BOP does not employ an individual by that name (Doc. 73), the Court **ORDERS** the Bureau of Prisons to notify the U.S. Marshals Service, within thirty days, of the name and current address of any physician's assistant it has employed at a facility in which Plaintiff was housed having the surname "Carids" or a surname closely resembling "Carids," and the Marshals Service to serve that individual within thirty days of such notification, or, in the alternative, the Court **ORDERS** the Bureau of Prisons to produce a statement, which the Marshals Service shall file electronically with the Court, that no physician's assistant with a surname matching or closely resembling "Carids" has been employed in a facility in which Plaintiff was housed.

**IT IS SO ORDERED**.

Signed this 19th day of January, 2006.


/s/          David RHerndon
**United States District Judge**