IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANDRE J. TWITTY,**

**Plaintiff,**

v.

**E.A. STEPP, et al.,**

**Defendants.**  No. 03-CV-779-DRH

**ORDER**

**HERNDON, Chief Judge:**

On June 26, 2008, U.S. Magistrate Judge Phillip M. Frazier issued a Report and Recommendation ("R&R") pursuant to **28 U.S.C. § 636(b)(1)(B)** (Doc. 103) recommending that Plaintiff's Rule 60(b) motion be denied as untimely. (*Id.*) Plaintiff sought permission to reinstate his *Bivens* medical care claims that were previously dismissed in 2006. As grounds for reinstatement, Plaintiff alleged error, fraud, and conspiracy. A notice attached to Judge Frazier's R&R advised Plaintiff that if he wished to file an objection to the R&R, he must do so within 10 days of service. The R&R and notice were mailed on June 26, 2008. On July 18, 2008, after the time to file objections had expired and no objections had been filed, the Court adopted Judge Frazier's R&R. (Doc. 104.) Three days later, on July 21, 2008, the Court received an objection from Plaintiff. (Doc. 105.) This filing of this objection was untimely. However, because Plaintiff is incarcerated and his objection was filed shortly after the deadline, the Court will consider the objection raised in an attempt

to settle this matter once and for all.

Under **Rule 73.1 of the Local Rules of the Southern District of Illinois**, written objections to the Report "shall specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." **SDIL-LR 73.1(b)**. The Court may "accept, reject or modify the recommended decision." **Fed. R. Civ. P. 72(b)**; *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. Id.

Plaintiff's objection does not really address the basis of Judge Frazier's holding; that is, that Plaintiff's motion for relief from judgment was untimely. Instead, Plaintiff merely reasserts that **Rule 60(b)(3)(6)** should apply and then launches into a regurgitation of his argument that the Court was involved in a cover-up and that a review of the record "reflects a pattern of rulings blatantly slanted in favor of the Defendant" that can only be explained as "judicial bias." (Doc. 105.) Plaintiff offers no explanation as to why the motion could not have been filed within the time limits set forth for **Rule 60(b)(1)-(5)**. Instead, Plaintiff seems to assume that the **Rule 60(b)(6)** catch-all provision will save him from the one-year time-limit that all other **Rule 60(b)** motions are subject to. Plaintiff is simply mistaken. As Judge Frazier's R&R noted, the Seventh Circuit has held that since the grounds for relief fall within the parameters of **Rule 60(b)(1)** and **(3)**, Plaintiff may not

circumvent the time limit by relying on **Rule 60(b)(6)**. *See **Lowe v. McGraw-Hill Co.*, 361 F.3d 335, 342 (7th Cir. 2004) (holding that if the grounds for relief fall within Rule 60(b)(1)-(3) the "catch-all or safety-valve provision mustn't be allowed to override the one-year limitation in Rules 60(b)(1), (2), and (3).")** Plaintiff claims that judicial bias and fraud are apparent to anyone who reviews the record; Plaintiff's argument that the conspiracy is so obvious from the record refutes any argument he might advance as to why it was not possible for him to file his **Rule 60(b)** motion within the one-year time limit.

Accordingly, the Court **ADOPTS** Judge Frazier's Report (Doc. 103), and **DENIES** Plaintiff's Rule 60(b) motion (Doc. 102) as untimely.

**IT IS SO ORDERED.**

Signed this 31st day of July, 2008.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**